**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3320
_____

UNITED STATES OF AMERICA

v.

GEORGE MONTGOMERY,
also known as BUMP

George Montgomery,

<u>Appellant</u>
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 3-06-cr-00033-001)
District Judge: Hon. Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2011

BEFORE: BARRY, AMBRO and COWEN , <u>Circuit Judges</u>

(Filed  July 7, 2011 )
_____

OPINION
_____

COWEN, <u>Circuit Judge</u>.

George Montgomery appeals from the order by the United States District Court for the Western District of Pennsylvania dismissing his motion to vacate, set aside, or correct his federal criminal sentence filed pursuant to 28 U.S.C. § 2255. We will affirm.

I.

On March 1, 2007, Montgomery entered a guilty plea to one count of possession with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Montgomery's plea agreement contained a provision in which he waived his right to take a direct appeal or to file a motion under § 2255.

A presentence report was submitted to the Court on May 4, 2007. It determined that Montgomery qualified as a career offender under U.S.S.G. § 4B1.1, which requires two or more convictions for either a "controlled substance offense" or a "crime of violence." Two prior convictions were expressly identified in support of this classification: (1) a 2006 Pennsylvania state court conviction on the charge of manufacturing, delivering, and possessing with the intent to deliver a controlled substance; and (2) a 2001 Pennsylvania state court conviction for "Homicide by Vehicle/Involuntary Manslaughter." (PSR ¶ 22.) The report went on to list several other prior criminal convictions, including a 2006 Pennsylvania conviction for resisting arrest. The report ultimately calculated an adjusted total offense level of 34, a criminal history category of VI, and a resulting Guideline range of 262 to 327 months.

At a sentencing hearing conducted on June 4, 2008, the District Court accepted the presentence report's classification of Montgomery as a career offender. It then sentenced

him to a term of imprisonment of 262 months.  Montgomery filed a notice of appeal on June 19, 2008, and, on February 17, 2009, we granted the government's motion to enforce the appellate waiver.

Montgomery then filed a pro se motion under § 2255 on June 8, 2009.  On June 18, 2009, the District Court dismissed his motion, finding, inter alia, that:  (1) "the Defendant was correctly classified as a career offender under U.S.S.G. §§ 4B1.1, 4B1.2 because the fact that although the Defendant's previous plea of guilty for vehicular homicide may not qualify as a predicate offense for career offender status, the Defendant's simultaneous plea to involuntary manslaughter in the same judgment in the Court of Common Plea of Allegheny County is a proper predicate offense of a 'crime of violence' for career offender status;" and (2) Montgomery's corresponding claims of ineffective assistance of counsel with respect to his classification as a career offender were without merit.  (SA38 (citations omitted).)

A notice of appeal was filed on August 6, 2009.  On January 12, 2010, this Court remanded for a ruling on whether a certificate of appealability should be issued.  The District Court refused to grant a certificate in an order entered on January 26, 2010.  On June 17, 2010, we granted a certificate of appealability as to the following issues:

> (1) whether appellant's waiver of his right to collaterally attack his sentence and conviction was knowing and voluntary and, if so, whether an "error amounting to a miscarriage of justice . . . invalidate[s] the waiver," United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001); see also United States v. Mabry, 536 F.3d 231 (3d Cir. 2008); United States v. Shedrick, 493 F.3d 292, 297-98 (3d Cir. 2007); (2) whether the Petitioner's claim that the District Court misapplied the Sentencing Guidelines is cognizable, see United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000) (en banc), and, if

3

so, whether cause and prejudice exist to excuse the Petitioner's failure to raise the claim on direct appeal, see Lines v. Larkins, 208 F.3d 153, 166 n.20 (3rd Cir. 2000); and (3) whether the Petitioner's attorney rendered ineffective assistance of counsel by failing to argue at sentencing or on direct appeal that the Petitioner did not qualify for "career offender" status under U.S.S.G. § 4B1.1(a), see Strickland v. Washington, 466 U.S. 668 (1984); see also Begay v. United States, 553 U.S. 137 (2008); United States v. Johnson, 587 F.3d 203 (3d Cir. 2009). . . .

(A6-A7.)

## II.

Based on the certificate of appealability,[1] the parties raise a number of issues in this appeal.[2] However, we conclude that, even setting aside his homicide and manslaughter convictions, Montgomery clearly had at least two qualifying convictions.

In his District Court filings and in the opening appellate brief filed by counsel, Montgomery never challenged the characterization of his 2006 conviction on the charge of manufacturing, delivering, and possessing with the intent to deliver a controlled substance as a "controlled substance offense." We agree that his prior conviction constituted a "controlled substance offense" under U.S.S.G. § 4B1.2(b). In turn, the Guidelines define a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or

---

[1] The District Court possessed subject matter jurisdiction over the underlying criminal prosecution pursuant to 18 U.S.C. § 3231 and over the motion to vacate pursuant to § 2255. We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253.

[2] In addition to the assertions raised by counsel, we have also considered the arguments

4

otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). In United States v. Stinson, 592 F.3d 460 (3d Cir.), cert. denied, 131 S. Ct. 114 (2010), we held that the Pennsylvania offense of resisting arrest constitutes a "crime of violence," id. at 463-67. In fact, Montgomery acknowledged in his opening appellate brief that this Court recently held that "all resisting arrests are crimes of violence." (Appellant's Brief at 27 (citing Stinson).) Because it is uncontested that he was convicted in a Pennsylvania court on a charge of resisting arrest, the District Court committed no reversible error by concluding that Montgomery was a career offender. Montgomery's related claim of ineffective assistance of counsel must likewise be rejected as without merit.

Because he was a career offender, Montgomery's classification—and his attorney's failure to object to his classification—did not give rise to any "'miscarriage of justice'" invalidating Montgomery's waiver of his right to collaterally challenge his sentence. (A6 (citations omitted).) Accordingly, we will enforce this waiver and will affirm the District Court's dismissal of Montgomery's § 2255 motion.

III.

For the foregoing reasons, we will affirm the order of the District Court.

---

contained in Montgomery's pro se reply brief.